## SAMPSON, GUARDIAN, v. WARNER.

*Practice. Defence to Contract. Interest. Recoupment. Offset.*

The Supreme Court never reverses a judgment because of errors in the County Court that have in no wise harmed the excepting party.

When one party to a contract insists upon annulling it, and brings suit for that purpose, and the other party thereto insists upon its validity and performance, and successfully defends upon the ground that it is valid and binding, such other party cannot, after the contract is thus established, and suit brought thereon to compel its performance on his part, defend on the ground of such attempted repudiation by the other party. His defence of the former suit would be a constant tender of performance on his part, and a waiver of any demand of performance, if any were necessary. And if such contract bear interest, such unsuccessful attempt at repudiation would not prevent the accruing of interest the while.

When a party has probable cause for instituting a suit in which he fails, the taxable costs are the measure of defendant's damages for the institution and prosecution

thereof.    If suit be brought without such cause, a suit for malicious prosecution is the remedy, and such claim is not the proper subject of recoupment or offset in a suit subsequently brought upon a contract, in violation of which the former suit was brought.

If the County Court does not withdraw evidence from the consideration of the jury, and states no erroneous principle of law to govern their consideration of it, the Supreme Court will not revise the charge nor reverse the judgment of the County Court.

ASSUMPSIT.    Plea, the general issue, and notice of set-off, and other special matter.    Trial by jury, and verdict for plaintiff, April Term, 1875, ROYCE, J., presiding.

It appeared that plaintiff was the guardian of Laura Warner, appointed as such on the    day of September, 1871 ; that the said Laura, William P. Warner, and the defendant, were the heirs-at-law of James A. Warner, who died during the summer of 1867 ; that said heirs came to a written agreement as to the division of said estate, on the 6th of November, 1867.    It also appeared that the note declared upon, and which was made the first item of plaintiff's specification, was given by defendant to said Laura on the day of the date of said agreement, and in accordance therewith.

By the terms of said agreement, said William was to pay the said Laura $500 in one year, with interest thereafter, and give her a home in his family if she should be needy and desire it ; in which event he was to be the sole owner of a certain farm that their father had deeded him ; and the defendant was to pay the said Laura $1500 in the same time, with interest thereafter, and to allow a certain part of the home farm of their father to be set to her, or pay her $500 therefor ; also, to take care of their mother during life, and give the said Laura, at her option, a home in his family one year without charge ; in which event, he was to own in his own right the remainder of said home farm, and all the personal property belonging to their father's estate ; and the said Laura agreed to accept said several sums as her just proportion of said estate, and waived all further claim thereto ; and said agreement contained a clause requesting the administrator of said estate to procure said agreement to be sanctioned and confirmed by the judge of probate, in full settlement of said estate.

It further appeared that said Laura had, since her father's death, resided with the defendant on the home place, as she had formerly done in her father's family.

The plaintiff claimed to recover for services rendered by said Laura while thus living in defendant's family; but as the jury disallowed such claim, a statement in relation thereto is immaterial.

Defendant offered to show that said Laura, prior to her guardianship, and the plaintiff since, had neglected and refused to carry out said agreement, by reason whereof he had been subjected to costs, damage, trouble, and expense, and had expended large sums of money in and about defending suits brought by said Laura, hereinafter referred to, and prosecuted by her, and by her guardian since his appointment, and that said suits were to enforce claims of said Laura that she had waived in said agreement; and, also, that he had suffered loss and damage by reason of having been kept out of the title to the land mentioned in said agreement, by the act of said Laura and the plaintiff. But the evidence was excluded; to which the defendant excepted.

The defendant offered in evidence the records, files, and docket entries in said suits, both of which were determined against the said Laura; one of which was a suit at law in favor of said Laura against James A. Warner's estate, and the other a bill in equity in her favor against the defendant and others; and offered to show in connection therewith, that said Laura, previous to her guardianship, and the plaintiff since, had insisted that said agreement was procured through fraud, and that the defendant was notified by them that said Laura relied on her rights as heir-at-law of James A. Warner, and not upon said agreement or the note executed in conformity therewith; and that said Laura remained in the family of the defendant from the time of the execution of said agreement and note, up to the time of this trial, claiming that she had an equal right with the said defendant to the real estate and property of the said James A. Warner. And the defendant offered further to show, that he had never been notified that said Laura or the plaintiff had ceased to rely upon her rights as heir-at-law, and that plaintiff had never given him notice, nor intima-

32

ted, that he had abandoned the claim in relation to the agreement and note, or that plaintiff elected to rely upon the note and agreement, until the service of the writ in this case. The court excluded the evidence; to which defendant excepted. The court, however, permitted defendant to testify, that the payment of the note had never been demanded prior to the commencement of this suit. To contradict the defendant upon this point, the plaintiff introduced George G. Smith, one of his attorneys, who testified that he gave notice to the defendant by letter addressed to Swanton post-office, prior to the commencement of this suit, informing defendant that such a demand had been left in the office of Noble & Smith for collection, and that the same would be sued if not paid. Said Smith also testified that he had a conversation with defendant a short time previous to the bringing of this suit, in which he told defendant that the note would be sued if not paid. Defendant testified that he had never received said letter; that his post-office address was St. Albans; and denied that he had ever had such a conversation as testified to by Smith.

Defendant also offered said records in evidence, as affecting the question of interest upon said note, claiming that the plaintiff was not entitled to recover interest while said suits were being prosecuted to annul said agreement, and said Laura and the plaintiff were claiming that said agreement was void. But the court excluded them for this purpose, and the defendant excepted.

Defendant also claimed, that this suit was prematurely brought, because commenced prior to demand made or the ratification of said agreement by the Probate Court; and offered to show that by the interference by said Laura in fraud of said agreement, by her appeal and the bill in equity, and also by the interference of the plaintiff, the distribution of said estate under said agreement was not made by the Probate Court until after the suit was brought; that said distribution was made as soon as the court could attend to the same after the certificate that said Laura had been defeated in her action at law had reached the Probate Court. But the court excluded the evidence, and the defendant excepted.

Upon the question of the claim for the services of said Laura, and the defendant's claim for board, as set forth in the specifica-

tions, defendant's evidence tended to show, that when the note became due, he notified Laura that if she remained in his family longer, she must account for her board ; that he had never requested her to do any services for him, and had repeatedly notified her that he desired her to go away, but that she insisted that she had an equal right there with himself; that soon after the appointment of the plaintiff as guardian, he gave the same notice to him.   There was no dispute about the remainder of defendant's account.   The jury rendered a verdict for the amount of said note, principle and interest, deducting therefrom the amount of the undisputed items of defendant's specification, and disallowing all the items in plaintiff's specification for work and labor, and all the items in defendant's specification for board of the said Laura. It appeared that defendant has, since the death of his father, remained in the possession and occupancy of said real estate, and had the entire rents and profits thereof.   The court charged the jury, that the evidence showed no defence to the note, and that plaintiff was entitled to recover the amount thereof, with interest after maturity, less what had been paid thereon by defendant ; to which defendant excepted.

Defendant requested the court to charge the jury, that if they found there had been notice to said Laura and the plaintiff, as defendant's testimony tended to show, that she must account for her board if she remained with him after said notice, the fact that she did so remain was an aquiescence in the terms imposed, and that the defendant would be entitled to recover a reasonable compensation therefor.   Plaintiff's evidence tended to show that no such notice was ever given.   The court declined to charge as requested, but charged as follows :

Defendant claims that he was not only not liable to pay for the labor she performed, if any, but that she was under a legal obligation to pay him for her board during the time she stayed there. The first inquiry proper for you to make is, whether he expected she would pay for her board, or whether from time to time, as this board has been furnished, down to the commencement of this suit, he treated the matter as a gratuity on his part.   How did he treat it ?   How did he regard it ?   As bearing upon this question, the plaintiff has put in the fact that defendant never charged this

board until he charged in a lump upon these bills marked "1" and "2," and draws an inference from the fact, that it never was charged; that these charges were of such a nature that defendant never intended to make any claim for them, and that if he had, it would have been a business way for him to charge it along from time to time—at all events, at the expiration of a year. It is not conclusive of his right, that he did not charge it so, but it is a proper matter for you to consider in passing upon the question, whether he understood at the time that he was boarding her under such circumstances that the law imposed an obligation upon her to pay for her board. If this was intended as a gratuity at the time, he cannot convert it into a legal claim now. Counsel for the plaintiff, in his closing argument, claims that if this board was furnished while she was at work for defendant under such circumstances as would make the defendant liable to pay for her labor, then she was not liable to pay for her board. I do not understand that it is claimed that she was. It is based upon the assumption that all the time she was not at work for defendant under such circumstances.

It is claimed as far as these items are concerned, that this board was furnished under such circumstances that it did not require any express contract or promise to pay, in order to impose a liability on plaintiff to pay for it.

Defendant's evidence tends to show that soon after the expiration of this year, which expired Nov. 1, 1868, he gave her to understand, that if she remained there longer, she must pay for her board; and the plaintiff in her testimony says, that she does not recollect ever receiving any such notice, or having any such conversation with him, and the first conversation which she testifies to, as remembering when he did give her any such notice, was about two years ago.

It is for defendant—I should have said in reference to this claim for labor, that there the burden of proof is upon the plaintiff, and in order to entitle plaintiff to recover for this labor, or any part of it, it is his duty to make down-weight — to show by a fair balance of testimony, that the facts are such as entitle him to recover. And in reference to this offset — and there the burden of proof changes — he claims the benefit of this offset in payment of the note, and here the duty is upon the defendant to show by a fair balance of testimony, such facts as entitle him to have this board as offset to the note.

You are to consider all the testimony in reference to this question of notice. Whether he gave Laura any such notice about Nov. 1868, or shortly afterwards, or at any subsequent time. Was

not it within the last two years or two years and a half, when Laura agrees that he did give her such a notice; but prior to that time it is for you to say from the testimony, whether he did in point of fact or not. And if you should find from a fair balance of testimony that he did give her such notice, then I think if she did remain there after receiving such a notice, the law would imply a promise upon her part to pay for her board. If from examining this whole testimony, you are satisfied that this board was furnished under such circumstances as to entitle the defendant to a legal remuneration for it, then you are to say how much he is to have.

To the refusal to charge as requested, and to the charge as detailed, the defendant excepted.

Defendant also requested the court to charge, among other things, that upon the evidence as presented by plaintiff, plaintiff could not recover for the services of said Laura, and that that branch of plaintiff's case should be withdrawn from the jury. The court declined to comply with the request; but left it to the jury to find whether the services were rendered under such circumstances that the law would imply a promise to pay therefor; fully instructing them as to what those circumstances must be. To this defendant excepted.

*A. G. Safford* and *Wilson & Hall*, for the defendant.

Defendant should have been permitted to show that Laura Warner and her guardian, since November 6, 1867, had refused and neglected to carry out the agreement of that date, and had notified defendant that she did not rely on the agreement and note. In such case, there was an entire failure of consideration of the note. The refusal and neglect had entailed upon the defendant costs, loss, damage, and expense. Such action on her part, required notice to be carried home to the defendant of her election to rely on the note and contract after once repudiating them, prior to the institution of a suit predicated upon the repudiated contract.

The note and agreement are to be construed together, as dependent, separate parts of the same contract. *Raymond* v. *Aiken*, 2 Aik. 204; *Story* v. *Bemis*, 11 Vt. 221; *Reed* v. *Fields*, 15 Vt. 672; *Campbell* v. *Harrison*, 3 Litt. 292; *Hill* v. *Hunter*, 43 N. H.

480 ; *Stevens* v. *Baird*, 9 Cow. 274 ; *Makepeace* v. *Harvard College*, 10 Pick. 302 ; *Brandreth* v. *Sanford*, 1 Duer, 390 ; *Hunt* v. *Livermore*, 5 Pick. 395.

The note being given in accordance with the agreement, a failure to fulfill on the part of one, would constitute a failure of consideration of the promise of the other.    Where mutual covenants go to the whole consideration on both sides, they are dependant covenants, the one precedent to the other.  1 Chit. Pl. 324 ; 2 Parsons Cont. 675 ; *Bean* v. *Atwater*, 4 Conn. 3 ; *Boone* v. *Eyre*, 2 Bl. 1312 ; *Dakin* v. *Williams*, 11 Wend. 67 ; *Tileston* v. *Newell*, 13 Mass. 406.

The rule is that where the party claiming the benefit of the contract has put the other party out of the way of performance, such conduct relieves the other party from strict compliance with its terms.    Chit. Cont. 1067, 1087 ; Story Cont. 1333, 1335 ; *Ripley* v. *M'Clure*, 4 Exch. 345 ; *Hochester* v. *De Latour*, 2 E. & B. 678 ; *Cort* v. *Ambergate R. R. Co.*, 17 Q. B. 127 ; *Clark* v. *Crandall*, 3 Barb. 612 ; *Crist* v. *Armour*, 34 Barb. 378 ; *Bishop* v. *Newton*, 20 Ill. 175 ; *McPherson* v. *Walker*, 40 Ill. 371.

Here was notice of refusal to perform, and defendant is excused from acts of preparation for fulfillment on his part, by the acts and declarations of the other party.    *Williams* v. *U. S. Bank*, 2 Pet. 95 ; *Smith* v. *Lewis*, 24 Conn. 624 ; S. C. 26 Conn. 110 ; *Clark* v. *Crandall*, *supra ; People* v. *Bartlett*, 3 Hill, 570. Her notice excused the necessity of tender of performance.    *Skinner* v. *Tinker*, 34 Barb. 333.    It required her to give a new notice of election to rely upon the agreement and note, before she was entitled to commence this suit.    *Boutwell* v. *O'Keefe*, 32 Barb. 434.    It is to be observed that the question of demand before bringing this suit, was not submitted to the jury.    In fact it could not properly have been submitted to the jury, the court having excluded all evidence offered in regard to the failure of plaintiff to fulfill said agreement, and by the notice given by said Laura prior to the maturity of this note.    Had the question been submitted to, instead of withdrawn from, the jury, in this view of the case, it would not have cured the error of excluding the offer to prove the notice of non-reliance ; but the evidence of demand not having

been submitted, the case is to be here treated as though the court had held that no demand was necessary.

The agreement and note being one contract, if defendant had suffered loss, damage, and expense, particularly if he had sustained damage by having been kept out of the title, and this case is to be tried upon that presumption, he should have been allowed to show those sums in recoupment under his plea. *Hunt* v. *Livermore, supra ;* Edw. Bills, 334.

Defendant should have been permitted to introduce the files of said old suits. They were material upon the claim that she was making for services, and demonstrated that her action had been prematurely brought. Until the contract had been ratified by the Probate Court, and until the certificate of judgment in the case at law against Warner's estate had been acted upon, she had a suit in court, claiming that the agreement was a fraud, and not binding upon her.

It is to be observed that in this case the plaintiff claims to recover both upon the note and for services rendered by said Laura. The defendant should have been permitted to show, as bearing upon the question of her being entitled to pay for her services, that the defendant was notified that said Laura relied on her rights as heir-at-law of James A. Warner, and not upon the agreement, nor the note executed in conformity therewith, and that the said Laura had remained in the family of the defendant, *claiming that she had an equal right to the real estate and property of the said James, with the defendant.*

The evidence should have been admitted as affecting the question of interest. The fault for the non-fulfillment of the contract in its entirety, as the case shows, is attributable solely to the plaintiff. No fault can be attributed to the defendant. The facts bring the case on this point within the rules laid down in the elementary books, and unquestionable authority. Chit. Cont. (11 Am. ed.) 956; *Cameron* v. *Smith*, 2 B. & A. 308; *Wightman* v. *Deside*, 2 Dessaus. 578; *Hubbard* v. *Charlestown R. R. Co.* 11 Met. 124; *Nat. Lancers* v. *Lovering*, 30 N. H. 511; *Stevenson* v. *Maxwell*, 2 Sandf. 273; *Gillespie* v. *Mayor*, 3 Edw. 512; *Jacobs* v. *Adams*, 1 Dallas, 52; *Newell* v. *Keith*, 11 Vt. 214; *Brainards*

v. *Cham. Trans. Co.* 29 Vt. 154; *Pillow* v. *Brown*, 26 Ark. 240;
2 Story Cont. 684.

The defendant's request to charge the jury in relation to his claim
for. boarding said Laura, contained a sound proposition of law,
raised by the evidence ·in the case, and the court should have
charged as requested.

The court should have directed the jury to allow defendant com-
pensation for the board of said Laura since September, 1871, the
time when Sampson was appointed guardian.

There being no express contract between the parties that the
defendant was to pay for her services, and no claim made that the
services were rendered with the expectation of receiving pay, the
relation of the parties was such as to rebut the presumption of any
promise by implication of law, therefore the jury should have been
instructed upon this point as requested by the defendant. *Sprague*
v. *Waldo*, 38 Vt. 139; *Lunay* v. *Vantine*, 40 Vt. 501; *Briggs*
v. *Briggs's Estate*, 46 Vt. 571.

*Davis & Adams* and *Noble & Smith*, for plaintiff.

The evidence offered by defendant, that there was at the time
this suit was brought a bill in equity pending, in which said Laura
claimed that said agreement was procured by fraud, and seeking
to set the same aside, was properly excluded. It cannot be
claimed that the pendency of a prior suit in equity will allow a
suit at law relating to the same subject-matter. *Blanchard* v.
*Stone*, 16 Vt. 234. Still less can it be claimed that the pendency
of a suit in equity, based upon the same transactions, but claim-
ing other and different and opposite relief, can be pleaded in abate-
ment of a suit at law, resting upon the same subject-matter. Be-
sides that, no plea in abatement was filed in this case. Neither
can it be said that the evidence offered by defendant amounted to
a defence, either under the general issue, or any plea applicable
to the facts going to extinguish a cause of action that once ex-
isted. This defence seems to be of a nebulous and hazy nature,
having no precedent in any of the recognized defences known to
the law.

As to the damages, costs, &c., incurred by defendant in the de-

fence of those suits, all that the law gives him was, it is to be presumed, given to him in his bill of taxable costs. All beyond that was *damnum absque injuria.*

If defendant's claim is not tenable as to the principal of the note, it is not as to the interest. The note was not valid as to one part and invalid as to another.

The charge as to the law applicable to plaintiff's claim for .work, and the defendant's claim for board, was unexceptionable, and all that the defendant had a right to ask. The jury, upon a conflict in the evidence, found that neither party was entitled to recover upon those points, and there was no error in the charge.

The opinion of the court was delivered by

Ross, J.  I.  The disallowance by the jury of the plaintiff's charge for services, renders the exceptions taken by the defendant in regard to that item, immaterial.  However erroneous may have been the rulings of the County Court in regard to that item, the defendant has no occasion to complain, as he has suffered no detriment from them.  This court never reverses a judgment because of errors in the proceedings in the County Court which have in no wise harmed the excepting party.  This disposes of several of the exceptions which the defendant's counsel have urged upon our consideration.

II.  In disposing of the other exceptions in regard to the note, we have no occasion to controvert the position urged by the defendant's counsel, that the note in suit, and the contract of November 6, 1867, are to be construed together, as dependant, separate parts of the same contract.  The note was executed at the same time, and in compliance with the provisions of the contract. If the plaintiff had succeeded in annulling the contract, the note would have fallen with it.  The difficulty with the defendant's position is, that he did not yield to the claim made by the plaintiff to have the contract set aside, but insisted on its validity and fulfillment.  Both in the suit at law and in chancery, he has succeeded in establishing the validity of that contract.  Having compelled the performance of the contract by the plaintiff, he cannot

33

now excuse himself from fulfilling, by alleging her former unwillingness to abide the contract.    By resisting her claim to have the contract annulled, he has constantly proclaimed that the contract was valid, and that he was ready to perform his part of it.    He cannot now be allowed to set up the suit at law and in chancery, in defence of the contract or his fulfillment of it.    His resistance to those suits was a constant tender of his readiness to perform the contract, and a waiver of a demand for its performance from the plaintiff, if any such demand had ever been necessary.    The note, by its terms, bore interest.    His claim in the former suits, that the contract was valid, and to be performed by him, was tantamount to alleging that he was ready and willing to pay the note according to its terms and the terms of the contract.    So long as he treated the note and contract as valid, if he would have excused himself from the payment of interest, he should have tendered to the plaintiff the money due on the note.    If she had refused to accept it, and if the tender had been kept good, the loss of interest thereafter would have fallen on the plaintiff.

The defendant claims that he should have been allowed to introduce the records of the suits at law and in chancery, to lay the foundation for damages claimed to have resulted to him from those suits.    If the plaintiff had probable cause for instituting those suits, and honestly prosecuted them, the taxable costs are the measure of the damages recoverable by him resulting from their prosecution.    If the plaintiff instituted those suits maliciously, without probable cause, the defendant's remedy for damages resulting therefrom is by an action for malicious prosecution.    Such damages did not arise directly out of the contract, or from a breach of it by the plaintiff, but from the malicious prosecution of unfounded suits.    Hence such damages could not be shown in reduction of, or recoupment from, the amount due on the note, nor in set-off thereto under the defendant's plea.    In whatever light we have been able to view the proceedings in those suits, we have found no ground on which they were admissible in evidence for the defendant.

III.    The defendant's request to the court to charge in reference to the plaintiff's liability to him for her board, was substan-

tially complied with. We have not discovered any error in the charge on that item. Judging alone from the testimony disclosed in the exceptions, the court may have given more prominence to some portions of the evidence than we should have done. Yet we have not discovered that the court stated any unsound proposition of law as applicable to this evidence. So long as the court does not withdraw the testimony from the consideration of the jury, and states no erroneous principle of law to govern the jury in considering the same, this court will not revise the charge of the County Court, or reverse its judgment. What, from the exceptions, might appear to this court undue prominence in the charge, in regard to a particular class of testimony, might be just what the case called for, and what this court would have given, had it seen the witnesses and been present at the trial.

Judgment affirmed.